**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLOGG BROWN & ROOT INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-2684 |
| ALTANMIA COMMERCIAL MARKETING CO. W.L.L., | § § § § | |
| Defendants. | § | |

**ORDER**

This case involves a dispute between Kellogg Brown & Root International, Inc. ("KBR") and Altanmia Commercial Marketing Co. W.L.L. ("Altanmia") over the arbitrability of claims for reimbursement for vehicle losses. The claims arise under a contract between these parties identified as Subcontract GU67-KJ5-S0040 ("Subcontract S0040"). KBR has moved to quash Altanmia's notices of intent to depose Michael K. Morrow, David Gallaher, Szilvia Alacker, Boyd Bishop, and Chris Niakaros. (Docket Entry No. 71). KBR argues that most of the noticed depositions are beyond the scope of the current discovery plan fashioned by this court; that KBR has filed a summary judgment motion on all of its claims that raises only questions of law, to which Altanmia has filed a "full and complete response," (*Id.* at 1–2); and that the burden and expense associated with the noticed depositions outweigh their benefit.

Altanmia has responded. (Docket Entry No. 73). Altanmia asserts that it is willing

to reschedule the depositions for more convenient times and dates. Altanmia also argues that this court previously ordered Niakaros to be made available for a deposition at a time and place reasonably convenient to him and that Altanmia has noticed Niakaros's deposition for May 13, 2008 in Boston, a date and place to which Niakaros's counsel has agreed. Lastly, Altanmia argues that the depositions are reasonable and necessary because each proposed deponent possesses evidence about Altanmia's reimbursement claims. KBR has submitted an affidavit from Morrow in support of KBR's summary judgment motion. Altanmia asserts that Gallaher and Alacker "were involved in the performance of Subcontract S0040." (*Id.* at 7). Altanmia also asserts that Bishop received "communications from Altanmia in early 2005 in which Altanmia excluded from the scope of its release under Subcontract S0040 all claims for vehicle reimbursement payments." (*Id.* at 7). KBR has identified Niakaros as its principal negotiator during the formation of Subcontract S0040.

This court has carefully considered the motion to quash, the response, the record, and the applicable law. Based on this review, the following orders are entered:

1. The motion to quash Morrow's deposition on the date noticed is granted, but Altanmia may depose Morrow at a mutually convenient date and place. KBR submitted an affidavit from Morrow in support of its summary judgment motion. In the affidavit, Morrow describes the documents that make up Subcontract S0040 and the circumstances under which the Subcontract was negotiated. This information is relevant to the issues identified in KBR's summary judgment motion and Altanmia's response.

2. The motion to quash Gallaher's deposition on the date noticed is granted, but

Altanmia may depose Gallaher at a mutually convenient date and place. Altanmia has submitted an e-mail from Gallaher, a KBR employee, to Jay Modad, an Altanmia Project Manager, with its response to KBR's summary judgment motion. (Docket Entry No. 68, Ex. 2b, Attachment 4). In the e-mail, Gallaher inquires about "a number of claims besides the original four that Al-Tanmia submitted to us for resolution" and requests finalized "incident reports for any additional claims that you will have." (*Id.*, Ex. 2b, Attachment 4). The record shows that Gallaher may have information relevant to the issues identified in KBR's summary judgment motion and Altanmia's response.

3. The motion to quash Alacker's deposition is granted. Given the other depositions that have been noticed and will go forward, there is an insufficient basis to conclude that Altanmia has a reasonable basis for taking Alacker's deposition at this stage of the case. At the conclusion of the other depositions, Altanmia may provide this court with more information as to whether and why it needs to take Alacker's deposition.

4. The motion to quash Bishop's deposition is granted. Given the other depositions that have been noticed and will go forward, there is an insufficient basis to conclude that Altanmia has a reasonable basis for taking Bishop's deposition at this stage of the case. Altanmia asserts that Bishop received "communications from Altanmia . . . in which Altanmia excluded from the scope of its release under Subcontract S0040 all claims for vehicle reimbursement payments." (Docket Entry No. 73 at 7). Altanmia's primary defense is that "the parties subsequently reached an oral agreement . . . that KBR would bear the risk of loss for damaged or destroyed vehicles." (Docket Entry No. 68 at 5). In its

summary judgment response, Altanmia submits "[c]orrespondence from KBR's vehicle reimbursement claims adjuster" to show that the parties "agreed KBR would reimburse Altanmia" for Altanmia's vehicle losses under Subcontract S0040." (*Id.* at 2). Altanmia has not shown that Bishop, having received communications from Altanmia, may have information relevant to the representations that KBR may have made to Altanmia about which party bore the risk of loss under the Subcontract. At the conclusion of the other depositions, Altanmia may provide this court with more information as to whether and why it needs to take Bishop's deposition in addition to the others already noticed at this stage in the case.

     5.     The motion to quash Niakaros's deposition is denied. This court previously ordered Niakaros to be made available for a deposition, (Docket Entry No. 57), and the record shows that his deposition is scheduled for a reasonably convenient time and place to which he and his counsel have agreed.

     SIGNED on May 5, 2008, at Houston, Texas.

                                                                 Lee H. Rosenthal
                                                              United States District Judge