# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KELLOGG BROWN & ROOT INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-2684 |
| ALTANMIA COMMERCIAL MARKETING CO. W.L.L., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION

This suit arises from a series of contracts between Kellogg Brown & Root International, Inc. ("KBR") and Altanmia Commercial Marketing Co. W.L.L. ("Altanmia") under which Altanmia transported fuel from Kuwait to Iraq. KBR sued for a declaratory judgment and Altanmia filed counterclaims relating to Altanmia's claims for reimbursement for vehicles lost and damaged in performing one of those contracts, Subcontract GU67-KJ5-S0040 ("Subcontract S0040"). In a December 3, 2008 Memorandum and Opinion, this court ruled that "KBR is entitled to a declaratory judgment that it is not obligated to compensate Altanmia for vehicle loss or damage arising under Subcontract S0040. KBR is entitled to summary judgment on Altanmia's counterclaims. KBR is not entitled to judgment on its claim that Altanmia breached its contractual indemnity obligation. Altanmia's motion to dismiss this breach of contract claim is granted. . . . KBR's motion for sanctions against Altanmia and its counsel for filing the Motion to Compel Arbitration is denied." (Docket

Entry No. 93, at 56-57).

Both sides have moved for reconsideration.  KBR asks for reconsideration of the denial of its motion for summary judgment on the breach of indemnity claim and the denial of its motion for sanctions. (Docket Entry No. 96).  Altanmia has responded to this motion, (Docket Entry No. 98.  Altanmia has moved for reconsideration of this court's rulings that 1) the alleged oral modification of the risk-of-loss provision was not supported by new and distinct consideration; 2) Altanmia was not reasonable or justified in relying on KBR's alleged subsequent oral promise to reimburse Altanmia for vehicle loss or damage; 3) Altanmia waived its right to argue that KBR breached Subcontract S0040 by not engaging in ADR procedures before filing suit; 4) KBR's failure to include Michael Morrow in its initial disclosures was not a basis for excluding his affidavit because his identity and testimony were timely provided to Altanmia; and 5) Altanmia had sufficient notice that this court would treat KBR's motion to dismiss Altanmia's counterclaims as a motion for summary judgment.  (Docket Entry No. 99).  KBR has responded, (Docket Entry No. 100).

Based on a careful review of the motions and responses, the record, and the applicable law, this court denies both motions for reconsideration.  The reasons are explained below.

## I.    Background

The relevant facts are detailed in this court's December 3, 2008 Memorandum and Opinion and only summarized here.  Briefly, in 2003, the United States Army Corps of Engineers (USACE) awarded KBR a contract to provide services for the USACE's "Restore Iraqi Oil" (RIO) program.  The services included transporting fuel from Kuwait to Iraq.

KBR entered into a subcontract with Altanmia, a Kuwaiti company, to procure and transport fuel for RIO.

The parties executed Subcontract S0040 on May 18, 2003.  The contract contained a risk-of-loss provision clearly stating that Altanmia would bear, without right of reimbursement, the risk of loss or damage for all work performed and equipment used under Subcontract S0040. (Docket Entry No. 61, Ex. A at § 6.1.2).  The contract also included a provision stating that if any dispute could not be resolved through negotiation, the parties would "attempt in good faith to resolve the dispute under agreed Alternate Dispute Resolution (ADR) procedures.  ADR procedures recommended by the Center for Public Resources . . . will be considered for this purpose"  (*Id.*, Ex. A at § 8.2.3).

Subcontract S0040 covered the rental of 220 fuel tankers, with the initial 30-day rental period to begin on May 15, 2003.  The subcontract required the parties to use written "change orders" to make subsequent changes to the work, pricing, or manner of performance.  (*Id.*, Ex. A at § 8.1.1).  During Subcontract S0040's term, the parties executed eleven change orders.  (Docket Entry No. 61, Exs. A-1 to A-11).  Some change orders – including Nos. 1, 3, 5, 6, 8, and 9 – increased the time of performance, typically in 30-day increments.  The last change order extending the time of performance, No. 9, was executed on October 1, 2003 and provided for a 30-day extension under Subcontract S0040.  (Docket Entry No. 61, Ex. A-9).  Many of the eleven orders also changed the number of fuel trucks operating under Subcontract S0040 as well as the fuel-delivery requirements.  Each change order spelled out the new consideration provided in the form of increased payment to Altanmia.  No change

order stated that it was altering the risk of loss.  Instead, all eleven change orders stated that

"the terms and conditions forming the original subcontract [S0040] and any subsequent

change orders not specifically changed herein remain the same and in full force and effect."

(Docket Entry No. 61, Exs. A-1 to A-11).  The parties formally closed out Subcontract S0040

with change order No. 11 dated March 2, 2005.  (Docket Entry No. 61, Ex. A-11).  That was

approximately 16 months after Altanmia had completed all deliveries under Subcontract

S0040.

Altanmia does not dispute that the risk-of-loss provision was part of Subcontract

S0040.  Altanmia acknowledges that under the Subcontract's written terms, it bore the "full

risk of loss or damage" to all equipment, supplies, and "other things" arising from the

performance of Subcontract S0040.  Altanmia contends that Subcontract S0040 was orally

modified during the summer of 2003 to provide that KBR – not Altanmia – would bear the

risk of loss for damaged or destroyed vehicles.  (Docket Entry No. 68, at 9).  In its earlier

filings related to the motions to dismiss and for summary judgment, Altanmia pointed to

correspondence between KBR and Altanmia as evidence that in May 2003, the parties had

orally modified the Subcontract to shift the risk of loss from Altanmia to KBR.  (Docket

Entry No. 75, Ex. C; Docket Entry No. 68, Ex. B, Deposition of Mark E. Lowes, Exs. 4, 11,

12; Docket Entry No. 68, Ex. 3, Affidavit of David A. Waddell, Ex. A).

KBR and Altanmia also entered into Subcontracts S0138 and S00164, respectively

dated October 28, 2003 and November 5, 2003, as the term for performance under

Subcontract S0040 drew to a close.  These separate Subcontracts were for the rental of

benzene and kerosene tanker trailers.  Both of these Subcontracts provided that under certain circumstances, KBR would reimburse Altanmia for assets lost, stolen, or damaged in Iraq. Both of these Subcontracts also contained provisions stating that any disputes "arising under or related to" these Subcontracts would be resolved in "binding arbitration in accordance with the rules, regulations, and procedures of the American Arbitration Association." (Docket Entry No. 13, Ex. C at 003423, Ex. D at 003284).  Subcontract S0040 had no written provision for reimbursing Altanmia and no similar binding arbitration provision.

Many of the vehicles Altanmia used to deliver fuel were lost, stolen, or damaged during performance of the subcontracts.  Altanmia submitted reimbursement claims to KBR for 233 vehicles that were lost, stolen, or damaged during the performance of Subcontracts S0040, S0138, and S0164.  On November 23, 2005, KBR's outside counsel, David Brenner, sent a letter to Altanmia about the 53 vehicle-reimbursement claims under Subcontract S0040.  (Docket Entry No. 68, Ex. 2B, Lowes Deposition, Ex. 12).  Brenner stated that he had reviewed Subcontract S0040 and the materials Altanmia submitted and had decided to "conditionally accept" Altanmia's claims "for resolution by KBR." (*Id.*).  Brenner stated that the acceptance for resolution was conditional because nearly all the documents submitted were generated by Altanmia and there was almost no third-party documentation verifying the claims.  (*Id.*).

In his deposition, Mark E. Lowes, KBR's Vice-President of Litigation and a Rule 30(b)(6) witness, stated that Brenner had improperly interpreted Subcontract S0040 in even conditionally accepting the reimbursement claims under that Subcontract.  Brenner had

ignored the fact that Subcontract S0040 had a different risk-of-loss provision than Subcontracts S0138 and S0164. (Docket Entry No. 68, Ex. 2A, Lowes Deposition at 109:5-15). According to Lowes, Subcontract S0040 expressly put the risk of vehicle loss or damage on Altanmia, while Subcontracts S0138 and S0164 identified circumstances under which KBR would be responsible for Altanmia's losses. Lowes acknowledged that Brenner was outside counsel for KBR but that "any approval of an ultimate settlement would have had to go" through Lowes or his predecessor. (*Id.* at 109:16-21).

On May 9, 2007, Altanmia sued KBR in federal district court in the Southern District of Texas. Altanmia alleged that KBR's refusal to pay the vehicle-reimbursement claims under Subcontract S0040 breached that contract and that KBR was estopped from refusing to pay the claims. On the same date, Altanmia initiated arbitration on its vehicle-reimbursement claims under Subcontracts S0138 and S00164 (the "Arbitration"). On August 6, 2007, Altanmia dismissed the lawsuit without prejudice before serving KBR with process.

The Arbitration hearing on Altanmia's claims under Subcontracts S0138 and S00164 occurred in July 2008 in The Hague. In discovery conducted in preparation for that hearing, Altanmia produced documents relating to its vehicle-reimbursement claims arising under Subcontract S0040. KBR asked Altanmia to withdraw the documents because those claims did not relate to the subject matter of the Arbitration, the disputed claims under Subcontracts S0138 and S00164. Altanmia refused. KBR then filed this lawsuit, seeking a preliminary and permanent injunction to prevent Altanmia from submitting claims arising under Subcontract S0040 in the Arbitration of the claims arising under Subcontracts S0138 and

S00164.

This court held a hearing on KBR's injunction application and the parties submitted extensive briefs and voluminous materials. The issue was whether Altanmia could require KBR to include the vehicle-reimbursement claims arising under Subcontract S0040 in the Arbitration of the claims arising under the two other Subcontracts. In its argument at the hearing and in its briefs, Altanmia did not dispute that Subcontract S0040 included a dispute-resolution provision different from the arbitration clauses in Subcontracts S0138 and S0164.

On November 21, 2007, this court issued a lengthy opinion interpreting the dispute-resolution provision of Subcontract S0040, concluding that the provision "does not clearly express the parties' intent to submit disputes under that Subcontract to binding arbitration." (Docket Entry No. 29 at 26). In the opinion, the court granted KBR's application for a preliminary injunction to prevent Altanmia from arbitrating claims arising under Subcontract S0040 in the Arbitration of claims arising under Subcontracts S00164 and S0138. Altanmia contested this court's interpretation while insisting that it did not intend to include any claims arising under Subcontract S0040 in the Arbitration of claims arising under the other two Subcontracts.

On January 3, 2008, Altanmia filed a stipulation in this case, stating that it would "not attempt to arbitrate or obtain a recovery on vehicle reimbursement claims arising under a subcontract identified as Subcontract No. GU67-KJ5-S-0040." (Docket Entry No. 40 at 1). On January 14, 2008, after a hearing, this court entered a preliminary injunction order

7

tracking Altanmia's stipulation.  The order enjoined Altanmia "from asserting claims related to Subcontract S0040 in the Arbitration of claims arising under Subcontracts S0138 and S00164."  (Docket Entry No. 50 at 2).

Altanmia subsequently moved to compel KBR to arbitrate the vehicle-reimbursement claims arising under Subcontract S0040 in the Arbitration of the claims arising under the other two Subcontracts, to dissolve the preliminary injunction order, and to stay this litigation pending the Arbitration.  (Docket Entry No. 60).  Based on the dispute-resolution provision of Subcontract S0040, this court denied Altanmia's motion on April 17, 2008.  (Docket Entry No. 66).

The parties then filed a number of motions, responses, and replies that raised three issues.  The first issue was whether KBR had to arbitrate Altanmia's vehicle-reimbursement claims arising under Subcontract S0040.  The second was whether Altanmia had the right to recover on those claims or whether they were foreclosed by the risk-of-loss provision in Subcontract S0040.  The third issue was KBR's motion for sanctions against Altanmia for filing the motion to compel arbitration.

In an opinion issued on December 3, 2008, this court held that "KBR is entitled to a declaratory judgment that it is not obligated to compensate Altanmia for vehicle loss or damage arising under Subcontract S0040. KBR is entitled to summary judgment on Altanmia's counterclaims. KBR is not entitled to judgment on its claim that Altanmia breached its contractual indemnity obligation. Altanmia's motion to dismiss this breach of contract claim is granted. . . . KBR's motion for sanctions against Altanmia and its counsel

for filing the Motion to Compel Arbitration is denied." (Docket Entry No. 93, at 56-57). The parties' motions for reconsideration followed.

## II.    The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted); *see also Lavespere v. Niagara Machine & Tool Works*, *Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."), *abrogated on other grounds* by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc).

The ten-day deadline, however, does not apply to motions for reconsideration of interlocutory orders. *T-M Vacuum Products*, *Inc. v. TAISC*, *Inc.*, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A court retains the power to revise an interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV.

P. 54(b).  A court may consider a motion to reconsider an interlocutory order so long as the motion is not unreasonably delayed.  *Id.*; *see also Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999).  Rule 59(e)'s standards are applied to motions for reconsideration of interlocutory orders.  *T-M Vacuum Products*, 2008 WL 2785636, at *2.

This court's December 3, 2008 Memorandum and Opinion disposed of the outstanding claims and issues in this case.  *See* Docket Entry No. 94 ("KBR's position is that your Opinion addresses all of the issues in this dispute."); Docket Entry No. 95 (Altanmia's position is that "the Court's December 3 Opinion disposed of all outstanding issues.").  In that Memorandum and Opinion, the court granted summary judgment on KBR's request for a declaratory judgment that it is not obligated to compensate Altanmia for vehicle loss or damage, granted summary judgment in favor of KBR on Altanmia's counterclaims, dismissed KBR's breach of indemnity claim, and denied KBR's motion for sanctions.  Although this court has not yet entered a judgment under Rule 58, the December 3, 2008 Memorandum and Opinion disposed of all claims and parties.  *See Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 936 (1st Cir. 1995) (finding the "functional equivalent" of final judgment in a series of orders, even though Rule 58's requirement of a separate document setting out final judgment was not met).

KBR moved for reconsideration on January 15, 2009, and Altanmia moved on February 4, 2009, respectively 43 and 63 days after this court's decision.  (Docket Entry Nos. 96, 99).  Viewing this court's December 2008 Memorandum and Opinion as "functionally

equivalent" to a final judgment means that the motions for reconsideration are appropriately analyzed under Rule 60(b) because both parties' motions were filed after the ten-day period that would trigger analysis under Rule 59(e).  *See Sheperd*, 372 F.3d at 328; *see also Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 Fed. App'x 352, 355 (5th Cir. 2007) (analyzing motion for reconsideration under Rule 60(b) because it was filed twenty-nine days after entry of judgment).  If, however, this court's December 3, 2008 Memorandum and Opinion is considered an interlocutory order, then under Rule 54(b) this court may analyze the motions to reconsider under the Rule 59(e) standard because the motions for reconsideration were not filed an unreasonably long period after the court ruled.  Out of an abundance of caution, this court will analyze the parties' motions under both the Rule 60(b) standard and the Rule 59(e) standard.

Rule 59(e) is less exacting than Rule 60(b), but still sets a high threshold.  A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Relief is also appropriate when there has been an intervening change in the controlling law.  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  The Fifth Circuit warns

11

that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary

remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A.

WRIGHT, ARTHUR R. MILLER,& MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE

§ 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is an extraordinary

remedy, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment."

*S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part as

follows:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence could not have
> been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> or other misconduct by an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or otherwise vacated; or applying it
> prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The scope of review under Rule 60(b) is narrower than it would be in

a direct appeal. *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8 (5th Cir. 1991).

Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell*,

564 F.2d 734, 736 (5th Cir. 1977).  A party moving under Rule 60(b) must show "unusual

or unique circumstances."  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

### III.    Analysis

### A.        KBR's Motion for Reconsideration

KBR alleged that Altanmia breached its contractual duty to indemnify and protect

KBR from "any loss associated with damage to any third party property arising out of

Altanmia's performance" under Subcontract S0040 by filing the May 2007 suit, by

attempting to arbitrate the vehicle-reimbursement claims, and by counterclaiming against

KBR in this case.  This court denied KBR's motion for summary judgment on its breach of

indemnity claim because an indemnity provision only obligates "the indemnitor to protect

the indemnitee against claims brought by third parties" and the record did not provide any

basis to conclude that a "third party has asserted a claim against KBR."  (Docket Entry No.

93, at 42-44).

KBR argues that this court should reconsider its ruling because Altanmia's vehicle-

reimbursement claims in this lawsuit are "in reality, pass through third party claims."

(Docket Entry No. 96, at 3).  KBR contends that this court's ruling was "based on a lack of

evidence" about the third-party nature of these claims.  KBR has submitted an excerpt of

testimony that Jay Modad, Altanmia's Sales Manager, gave in the July 2008 Arbitration of

the vehicle-reimbursement claims under Subcontracts S0138 and S0164.  In the excerpt

provided, Modad testified that after contracting with KBR, Altanmia located and hired other

companies to provide the trucks and tankers for the fuel mission.  Modad further testified that

Altanmia was being sued by those companies for the vehicles lost or damaged during performance of Subcontract S0040.  KBR argues that this "supplemental summary judgment evidence conclusively establishes" that the claims Altanmia asserts in this lawsuit are third-party claims.  KBR requests that "to the extent the record requires further supplementation," this court should reopen discovery to allow KBR to gather more information related to the nature and ownership of the vehicle-reimbursement claims.

KBR's motion to reconsider the denial of its motion for summary judgment on its breach of indemnity claim fails to meet the Rule 59(e) standard.  The Modad testimony from the Arbitration proceeding is not newly discovered evidence under Rule 59(e) because it was available long before this court ruled.  *See Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (evidence is not newly discovered if it was available before entry of the decision challenged on reconsideration).  Moreover, Modad's arbitration testimony merely shows that Altanmia did not own the vehicles at issue and that Altanmia faces lawsuits for payment from the vehicles' owners.  This excerpt from the July 2008 testimony does not provide a basis to conclude that "Altanmia asserted the claims on behalf of others rather than to recover losses it sustained in performing Subcontract S0040."[1]

---

[1] KBR's request to reopen discovery is denied.  Before moving for summary judgment on its breach of indemnity claim, KBR had substantial opportunity to conduct discovery on the "ownership and nature of the vehicle reimbursement claims" in this case.  *See Smith v. Chrysler*, 45 Fed. App'x 326, 2002 WL 1899615, at *2 n.2 (5th Cir. 2002) (district court did not abuse its discretion in refusing to reopen discovery where the movant failed to diligently seek discovery on an issue that was known to all the parties before the deadline); *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) ("A district court abuses its discretion only if 'the movant diligently pursued previous discovery opportunities, and if the

Nor does the record provide a basis for relief under Rule 60(b).  KBR has not demonstrated that the court's ruling was the kind of "fundamental misconception of the law" or a "conflict with a clear statutory mandate" that Rule 60(b)(1) was designed to correct.  *See In re Grimland*, 243 F.3d 228, 233 (5th Cir. 2001).  A motion for relief under Rule 60(b)(1) is "not a substitute for the ordinary method of redressing judicial error–appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).  KBR has not asserted unique or unusual circumstances showing that it is entitled to relief under Rule 60(b)(1).  *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.") (citations omitted).

The arbitration testimony of Jay Modad does not provide newly discovered evidence that could be a basis for relief under Rule 60(b)(2).  "To succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639-640 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted)).  A judgment will not be reopened if the evidence was reasonably

---

movant can show how allowing additional discovery would have precluded summary judgment.'") (citation omitted).

available before the judgment was entered.  *Hesling*, 396 F.3d at 639-40.  The Modad Arbitration testimony that KBR submitted for the first time in support of its motion for reconsideration was given on July 16, 2008.  KBR does not suggest that this testimony was not reasonably available to it when the briefing on the summary judgment motion was filed. KBR has not established a basis for relief under Rule 60(b)(2) from the denial of its summary judgment motion on the breach of indemnity claim.

KBR has not established any other basis for relief under the grounds enumerated under Rule 60(b)(3) to (5).  The record does not show fraud, misrepresentation, or misconduct and the judgment is not void and has not been satisfied.  Nor is there a basis for relief under Rule 60(b)(6), which gives district courts the authority to vacate for "any other reason."  *See Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989), *cert. denied*, 493 U.S. 977, 110 S.Ct. 504, 107 L.Ed.2d 506 (1989).  Relief under Rule 60(b)(6) is to be granted "only if extraordinary circumstances are present."  *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815-16 (5th Cir. 1993) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (same); *C.P. Interests v. Cal. Pools, Inc.*, No. 01-20341, 2002 WL 496385, at *2 n. 5 (5th Cir. Mar. 20, 2002) (citing *Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977)) ("[R]ule 60(b)(6) is a[n] 'extraordinary remedy' available only in 'extraordinary circumstances.'"); *Pantoja v. Tex. Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989), *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990) (Rule 60(b)(6)

is to be applied only in "the most extraordinary of circumstances.").

KBR also argues that this court should reconsider the denial of the motion for sanctions against Altanmia.  KBR alleged that Altanmia and its counsel should be sanctioned for moving to compel arbitration of the claims under Subcontract S0040 after previously stipulating that those claims were not subject to arbitration.  This court denied the motion for sanctions because "the stipulation Altanmia signed stated that it did not intend to assert claims under Subcontract S0040 in the Arbitration of claims arising under the other two Subcontracts, but did not state that there was no basis to ask the court to compel KBR to submit those claims to arbitration.  The record does not support the conclusion that Altanmia was attempting to manipulate the judicial process, to harass KBR, to increase litigation costs unnecessarily, or to delay the litigation."  (Docket Entry No. 93, at 56).

With respect to the motion for sanctions, KBR does not identify a manifest error of law or fact, but repeats arguments it made before this court's ruling.  Such arguments do not present a basis for relief under Rule 59.  Nor does the record provide a basis for relief under Rule 60(b).   Reasserting previous arguments does not constitute the "extraordinary circumstances" necessary to succeed on a Rule 60(b)(6) motion.  *See*, *e.g.*, *AMP Plus*, *Inc. v. Texas Instruments Inc.*, 2006 WL 522108, *2 (N.D.Tex. Mar. 3, 2006) ("To the extent that Defendant urges reconsideration using the same arguments it used in its letter brief, Defendant fails to point to 'extraordinary circumstances' that justify relief from the Court's prior Order."); *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (concluding that "neither a Rule 59 nor a Rule 60 motion provides the proper vehicle for

17

rehashing old arguments or advancing theories of the case that could have been presented earlier").

KBR's motion for reconsideration is denied.

### 2.    Altanmia's Motion for Reconsideration

Altanmia argues that this court should reconsider its ruling that KBR is not obligated to compensate Altanmia for vehicle losses sustained during performance of Subcontract S0040. This court rejected Altanmia's argument that the Subcontract was orally amended to shift the risk of loss to KBR. This court found no evidence in the record that "the alleged oral modification of Subcontract S0040 was supported by new and distinct consideration." (Docket Entry No. 93, at 38). Altanmia contends that the change orders executed by the parties beginning in July 2003 changed the scope and period of performance and "constituted new and distinct consideration for the subsequent oral promise" to "shift the risk of loss to KBR." Altanmia contends that it agreed to the change orders enlarging the scope of its performance because KBR had orally agreed to shift the risk of loss. KBR denies that Altanmia has presented or identified summary judgment evidence supporting an inference or raising a fact issue that any subsequent oral agreement to modify the risk-of-loss provision of Subcontract S0040 was made.

Altanmia's argument that the enlarged scope of performance under the change orders was new and distinct consideration for the alleged oral modification to shift the risk of loss from Altanmia to KBR does not state a basis for relief under either Rule 59 or 60(b). Each change order expressly provided that unless stated otherwise, the terms and conditions of

Subcontract S0040 would remain unchanged and in full effect.  None of the change orders mentioned an agreement to shift the risk of loss to KBR.  The change orders show that Altanmia received increased payments each time the number of trucks was increased or the scope of work or period of performance was enlarged, which defeats Altanmia's argument that the change orders provided consideration for an oral promise to shift the risk of loss. (Docket Entry No. 61, Ex. A, Exs. A-1 to A-11). As KBR notes, the change orders began weeks after the alleged May 2003 oral modification, further undercutting Altanmia's argument that the change orders provided consideration for that modification to the express written risk-of-loss provision in Subcontract S0040.  The record does not support Altanmia's asserted grounds for reconsideration.

Nor does the record provide a basis for Altanmia's arguments for reconsideration on its promissory estoppel and negligent misrepresentation claims.  Altanmia contends that this case is distinguishable from *DRC Parts & Acessories*, *L.L.C. v. VM Motori*, *S.P.A.*, 112 S.W.3d 854, 856, 858-59 (Tex.App.– Houston [14th Dist.] 2003, pet. denied), which this court cited as support for the rule that reliance on both pre- and post-contractual oral representations, directly contradicted by the contract's express terms, is not justified as matter of law.   According to Altanmia, *DRC Parts* only involved precontractual representations related to a fraudulent inducement claim.  Altanmia challenges this court's ruling "because it respectfully disagrees with the Court's reliance on *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.* for the proposition that any reliance on representations contrary to the written terms of an agreement is unjustifiable as a matter of

law." (Docket Entry No. 99, at 6). Altanmia ignores the fact that the plaintiff in *DRC Parts* challenged representations made to induce it to enter into "and continue performance under the contract," 112 S.W.3d at 856, meaning that representations were made after execution of the contract. Even assuming that this court could not rely on *DRC Parts* to find that Altanmia's reliance on an alleged oral representation was not reasonable or justified as a matter of law, other cases cited support this court's holding. *See, e.g.*, *Airborne Freight Corp. v. C.R. Lee Enters., Inc.*, 847 S.W.2d 289, 297 (Tex.App.– El Paso 1992, writ denied), which Altanmia does not challenge. And there are other Texas courts holding that reliance on postcontractual oral promises that contradict the terms of the parties' written agreement is not justified as a matter of law. *See Biosilk Spa*, *L.P. v. H.G. Shopping Centers*, *L.P.*, 2008 WL 1991738, at *2 (Tex. App. – Houston [14th Dist.] 2008, pet. denied); *Simpson v. Woodbridge Props.*, *L.L.C.*, 153 S.W.3d 682, 684 (Tex. App. – Dallas 2004, no pet.).

With respect to Altanmia's breach of ADR claim, the e-mail correspondence that Altanmia has submitted in support of its assertion that it engaged in ADR before filing suit is not "newly discovered evidence" because there is no indication that it was not reasonably available to Altanmia before the judgment issued. *See Schiller*, 342 F.3d at 567-68. The e-mails are dated August and September 2006 and were sent and received by Altanmia's own counsel. Moreover, these e-mails are not evidence that Altanmia engaged in ADR as defined by Subcontract S0040. If a dispute could not be resolved through negotiation, Subcontract S0040 required that the parties "attempt in good faith to resolve the dispute under agreed

Alternate Dispute Resolution (ADR) procedures.  ADR procedures recommended by the Center for Public Resources . . . will be considered for this purpose."  (Docket Entry No. 61, Ex. A at § 8.2.3).  CPR's recommended ADR procedures include mediation, arbitration, and minitrials.  The e-mails between Brenner and Sharp referring to potential settlement discussions are not the "agreed ADR procedures" referred to in Subcontract S0040.  Because there is no evidence that Altanmia attempted to resolve the dispute with KBR under ADR procedures before filing suit, Altanmia waived its counterclaim against KBR for breach of the ADR provision in Subcontract S0040.

The cases cited by Altanmia that counsel against finding a waiver of the right to arbitrate are inapposite.  Those cases involved binding arbitration agreements and "Subcontract S0040 does not clearly express the parties' intent to submit disputes under the Subcontract to binding arbitration."  (Docket Entry No. 29, at 26).  Moreover, this court did not hold that Altanmia waived its right to *arbitrate*, but that Altanmia waived the claim or is estopped from asserting the claim that KBR breached the ADR provision by filing this lawsuit because Altanmia engaged in intentional conduct inconsistent with invoking the ADR provision.  That conduct was filing a lawsuit against KBR without engaging in the ADR procedures specified in Subcontract S0040.

Altanmia also seeks reconsideration of this court's ruling that the affidavit of Michael K. Morrow was properly considered as part of the summary judgment record.  Altanmia objected to the Morrow affidavit and sought its exclusion under Rule 37(c)(1) because KBR did not include Morrow in its initial disclosures under Rule 26(a).  This court held that

KBR's failure to include Morrow in its initial disclosures was not a basis for excluding his affidavit because his identity and testimony had been disclosed to Altanmia in the Arbitration proceedings for Subcontracts S0138 and S0160 long before the affidavit was filed in this case.   The record shows that Altanmia had ample notice of the information set out in the Morrow affidavit and ample opportunity to respond to it.

Altanmia also argues that it should have received formal notice of this court's intent to treat KBR's "Motion To Dismiss [Altanmia's] Counterclaim, Or, In The Alternative, Motion For Summary Judgment on Altanmia's Counterclaim," (Docket Entry No. 86), as a motion for summary judgment.   KBR attached several exhibits to its motion, and Altanmia attached exhibits to its response.   Altanmia responded on the merits to KBR's motion for summary judgment on Altanmia's right to recover on its vehicle-reimbursement claims under Subcontract S0040.   Altanmia acknowledged that "KBR's Motion does not address the allegations stated in Altanmia's counterclaim, [but] attempts to reargue its own motion for summary judgment."   (Docket Entry No. 88, at 1).   This court held that no formal notice was required because "[a] nonmovant receives notice that a Rule 12(b)(6) motion may be treated as one for summary judgment when the moving party frames its motion as seeking summary judgment in the alternative and attaches exhibits to the motion." (Docket Entry No. 93, at 30-31) (citing cases).

Altanmia does not present a manifest error of law or fact in this court's decisions to consider the Morrow affidavit or to treat KBR's motion as one for summary judgment.   Like KBR, Altanmia has failed to present new evidence or an error of law that would warrant the

"extraordinary relief associated with the granting of a motion for reconsideration" under Rule 59. *Templet*, 367 F.3d at 479-80.

Altanmia's motion for reconsideration is denied.

**IV.    Conclusion**

The parties have failed to show that reconsideration is warranted under either the Rule 59(e) or Rule 60(b) standard.  The motions for reconsideration are denied.  By **March 20, 2009**, the parties are directed to submit a proposed final judgment.

SIGNED on March 2, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

23